**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sergio Ivan Hernandez-Teco,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-04664-PHX-DWL<br>**ORDER** |

On May 11, 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging the legality of his immigration detention and seeking a bond hearing. *See Hernandez-Teco v. Unknown Party*, No. 2:26-cv-03310-DWL-MTM, Doc. 1.

On June 18, 2026, Petitioner filed a second habeas petition under § 2241 reiterating his request for a bond hearing. *See Hernandez-Teco v. Mullin*, No. 2:26-cv-04304-DWL-MTM, Doc. 1.

On June 24, 2026 order, the Court granted the first § 2241 petition to the extent it sought a bond hearing. *See Hernandez-Teco v. Unknown Party*, No. 2:26-cv-03310-DWL-MTM, Doc. 14.

On June 30, 2026, the bond hearing took place. (Doc. 6-1.) The immigration judge ("IJ") denied bond on the ground that Petitioner "failed to meet his burden of proving that he is not a flight risk if release on bond." (*Id.*)

On July 6, 2026, Petitioner initiated this action by filing a new § 2241 petition. (Doc. 1.) In his petition, Petitioner states that he declined to appeal the IJ's ruling to the

Board of Immigration Appeals ("BIA"). (*Id.* at 7.) However, Petitioner later asserts that he is "pursuing a pending appeal before the Board of Immigration Appeals." (*Id.* at 10.) But Petitioner then states, in yet another portion of the petition, that "I also did not pursue a bond appeal." (*Id.* at 16.) On the merits, Petitioner asserts that, for various reasons, his continued detention is arbitrary and unconstitutional. (*Id.* at 9-12.) Petitioner also identifies various reasons why he believes the flight-risk determination was improper. (*Id.* at 15-16.)

In lieu of filing a response to the petition, Respondents filed a motion to dismiss. (Doc. 6.) Respondents argue: "Petitioner has now filed three habeas petitions (26-cv-03310-DWL and 26-cv-04304-DWL) and has already received a remedy . . . . Petitioner alleges substantially the same claims as the previous two petitions (pro-longed detention). Petitioner can seek remedy under 8 C.F.R. § 1003.19(e) and demonstrate material change in circumstance that would warrant a new bond hearing. Nothing bars Petitioner from requesting additional bond hearings. Petitioner should utilize these administrative remedies before filing additional habeas petitions in Federal Court." (*Id.*) In response, Petitioner argues that he "does not seek to relitigate [his] entitlement to an initial bond hearing" and clarifies that "[h]is constitutional claim is that he continues to suffer prolonged physical detention after the bond hearing." (Doc. 7 at 1-3.) Petitioner also accuses Respondents of elevating procedure over liberty and emphasizes his limited financial resources. (*Id.* at 3-5.) Petitioner cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other authorities. (*Id.* at 6.)

The Court concludes that Petitioner is not entitled to habeas relief, *see* 28 U.S.C. § 2243, and thus need not reach Respondents' dismissal arguments. First, to the extent Petitioner seeks to challenge the outcome of his bond hearing, that challenge is improper due to Petitioner's failure to exhaust his available remedies. In *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), Leonardo filed a § 2241 petition challenging his prolonged immigration detention without a bond and the district court granted the petition to the extent it sought a bond hearing. *Id.* at 1159. The IJ then denied bond, but "[r]ather than

appealing the IJ's adverse bond determination to the BIA, Leonardo filed a motion for review of the IJ's decision in his pending habeas case." *Id.* The Ninth Circuit held that "[t]his short cut was improper" and that Leonardo "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.* at 1160. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.* The court elaborated that although "Leonardo is correct that the district court had authority to review compliance with its earlier order conditionally granting habeas relief," "the government complied exactly with [the district court's order] by affording a bond hearing before an immigration judge" and "[t]he district court was under no obligation to address Leonardo's new arguments under the ambit of ensuring compliance with the earlier order." *Id.* at 1161 (cleaned up).

To be clear, administrative exhaustion is not always required in this circumstance. The Ninth Circuit has explained that district courts may excuse the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). *See also Leonardo*, 646 F.3d at 1160 (noting that it may be possible for a detainee to "demonstrate[] grounds for excusing the exhaustion requirement"). But Petitioner has not established that any of the *Laing* factors support excusing the exhaustion requirement here. Nor has Petitioner argued that his bond hearing was "constitutionally [non]compliant as a matter of process"—instead, "[a]t bottom, Petitioner's argument is simply that the IJ was wrong to conclude that [he] is a flight risk." *Mancia v. Bondi*, 2026 WL 1596259, *3 (D. Ariz. 2026). "Under these circumstances, . . . Petitioner must seek relief via the BIA review process." *Id.* at *4.

Second, to the extent Petitioner seeks to raise a prolonged-detention challenge that is distinct from his challenge to the IJ's flight-risk determination, that challenge lacks merit.

Petitioner was detained under § 1226(a), received a bond hearing, and was denied bond based on a flight-risk determination (which Petitioner apparently chose not to appeal to the BIA). It appears that Petitioner's removal proceedings remain ongoing, as he wrote "unsure" in response to a question in the form habeas petition asking whether a final order of removal has been entered. (Doc. 1 at 4.) Under these circumstances, any claim of unconstitutionally prolonged detention is premature or fails or the merits. *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."); *Nguyen v. Rosa*, 2026 WL 1382306, *4-5 (D. Ariz. 2026) (where the habeas petitioner "filed his petition before the end of the presumptively reasonable six-month period," concluding that "[a]lthough Petitioner is not foreclosed from pursuing a *Zadvydas* claim under these circumstances, the timing of his request means he faces a difficult burden"); *Romero-Amaya v. Rosa*, 2026 WL 2620333, *2 (D. Ariz. 2026) (rejecting habeas petitioner's argument "that even though he was permissibly deemed a flight risk during his initial bond hearing, . . . it nevertheless follows, from the length of time (approximately 22.5 months) he has spent in immigration custody since his last bond hearing, that he now has a constitutional right to a new bond hearing—despite Congress's failure to create a right to such a successive hearing—at which the burden of proof will be flipped in his favor").

Accordingly,

**IT IS ORDERED** that:

1. The § 2241 petition (Doc. 1) is **denied**.

2. The motion to dismiss (Doc. 6) is **denied as moot**.

3. The motion for expedited ruling (Doc. 8) is **granted** to the extent this order resolves the merits of the § 2241 petition.

…

…

…

4. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of November, 2026.

Dominic W. Lanza
United States District Judge